PHILLIP A. TALBERT
United States Attorney
KIMBERLY A. SANCHEZ
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JULIO CESAR RECINOS-SORTO,<br><br>Defendant. | CASE NO. 1:22-CR-00232 JLT-SKO<br><br>STIPULATION CONTINUING STATUS CONFERENCE AND REGARDING EXCLUDABLE TIME PERIODS UNDER SPEEDY TRIAL ACT; "COMPLEX CASE" DESIGNATION; FINDINGS AND ORDER<br><br>DATE: November 30, 2022<br>TIME: 1:00 p.m.<br>COURT: Hon. Sheila K. Oberto |

This case is set for a status conference on November 30, 2022 in front of the Honorble Sheila K. Oberto, U.S. Magistrate Court Judge. The parties stipulate and request to continue the status conference to March 1, 2023 at 1:00 p.m., and to a finding that the case is a "complex case" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii).

On May 26, 2021, the Court issued General Order 631, which provided for a reopening of the courthouse in June 2021, recognized the continued public health emergency, continued to authorize video or teleconference court appearances in various cases, and noted the court's continued ability under the Coronavirus Aid, Relief, and Economic Security (CARES) Act (the "Act") to continue trials and other matters, excluding time under the Act. On June 27, 2022, the Court issued General Order 652, which "authorized the use of videoconference and teleconference technology in certain criminal proceedings under the in the Eastern District of California." This and previous General Orders highlight

and were entered to address public health concerns related to COVID-19.  Pursuant to F.R.Cr.P. 5.1(c) and (d), a preliminary hearing must be held "no later than 14 days after initial appearance if the defendant is in custody," unless the defendant consents and there is a "showing of good cause", or if the defendant does not consent and there is a "showing that extraordinary circumstances exist and justice requires the delay."  Here, the defendant consents and there is good cause.

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006).  "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A).  *Id.* at 507.  Moreover, any such failure cannot be harmless.  *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, 631 and 652 require specific supplementation.  Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A).  Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4).  Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances.  For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption.  *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981).  The court recognized that the eruption made it impossible for the trial to proceed.  *Id.* at 767-68; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the

September 11, 2001 terrorist attacks and the resultant public emergency).  The coronavirus is posing a similar, albeit more enduring, barrier to the prompt proceedings mandated by the statutory rules.

In light of the societal context created by the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4).[1]  If continued, this Court should designate a new date for the status conference.  *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

Additionally, 18 U.S.C. § 3161(h)(7)(B)(ii) provides for exclusion of time where "the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section."

## STIPULATION

Plaintiff United States of America, by and through its counsel of record, and defendant, by and through defendant's counsel of record, hereby stipulate as follows:

1. Defense counsel needs additional time to review discovery, ascertain whether further investigation is needed and pursue it if so, and to engage in discussions with the government regarding any potential resolution of the case, motion schedule if warranted, or trial setting.  Additionally, the case is proceeding through the capital review process, and conclusion of that process is necessary in assessing next steps for the case.

2. By this stipulation, defendant now move to continue the November 30, 2022 status conference to March 1, 2023 and to exclude time from November 30, 2022 to March 1, 2023 under Local Code T4.

3. The parties agree and stipulate, and request that the Court find the following:

    a) The government has represented that the discovery associated with this case includes investigative reports, videos, photos, and related documents in electronic form. Discovery is voluminous, and spans multiple investigations in part due to the case involving

---

[1] The parties note that General Order 612 acknowledges that a district judge may make "additional findings to support the exclusion" at the judge's discretion. General Order 612, ¶ 5 (E.D. Cal. March 18, 2020).

STIPULATION REGARDING SPEEDY TRIAL ACT TIME EXCLUSION AND COMPLEX CASE DESIGNATION        3

racketeering charges requiring proof of an "enterprise," here MS-13.  A large amount of discovery has been either produced directly to counsel and/or made available for inspection and copying, and additional discovery is being reviewed, processed and prepared for dissemination, and at defense request, could be viewed at the US Attorney's Office if requested prior to dissemination.

    b)    <u>Complex Case Designation</u>:  Additionally, the parties stipulate and agree that the case should be designated a "complex case" as it so complex, due to the nature of the prosecution that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161.  The case involves charges pursuant to 18 U.S.C. § 1959, Murder in Aid of Racketeering, the MS-13 enterprise and voluminous discovery from which evidence of the existence of the enterprise is established, thousands of pages of discovery and extensive digital discovery spanning events that occurred overy many years.

    c)    The government does not object to the continuance.

    d)    In addition to the public health concerns cited by the General Orders and declarations of judicial emergency, and presented by the evolving COVID-19 pandemic, an ends-of-justice delay is particularly apt in this case because:

- Defendant's ability to prepare for trial or a plea has been inhibited by the public health emergency;

- Defendant needs additional time to review discovery, and conduct additional investigation; and

    e)    Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

    f)    For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of November 30, 2022 to March 1 2023, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(7)(A), B(ii), and (iv) [Local Code T4] because it results from a continuance granted by the Court at defendant's

request and designation of the case as a "complex case" on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

4. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  November 21, 2022                                      PHILLIP A. TALBERT
                                                                              United States Attorney


                                                                               /s/ KIMBERLY A. SANCHEZ
                                                                              KIMBERLY A. SANCHEZ
                                                                              Assistant United States Attorney


Dated: November 21, 2022                                      /s/ MARK GOLDROSEN
                                                                              Attorney for Defendant

Dated: November 21, 2022                                      /s/ MIKE McKNEELY
                                                                              Attorney for Defendant

## FINDINGS AND ORDER

Based on the facts presented in the parties' stipulation, and good cause shown, the November 30, 2022 status conference shall be continued until March 1, 2023 and time shall be excluded from November 30, 2022 to March 1, 2023 under Local Code T4.  The Court finds that exclusion of time is in the interests of justice due to the need for counsel preparation, discussions regarding potential resolution, the extensive nature of discovery in the case.

Additionally, the Court will designate this as a "complex case," due to the nature of the prosecution because it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by 18 U.S.C. § 3161.  The case involves charges pursuant to 18 U.S.C. § 1959, Murder in Aid of Racketeering, the MS-13 enterprise and voluminous discovery from which evidence of the existence of the enterprise is established, thousands of pages of discovery and extensive digital discovery spanning events that occurred overy many years.

Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

IT IS SO ORDERED.

Dated:   **November 22, 2022**        /s/ Erica P. Grosjean
UNITED STATES MAGISTRATE JUDGE

STIPULATION REGARDING SPEEDY TRIAL ACT TIME EXCLUSION AND COMPLEX CASE DESIGNATION

6